IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA PARK, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | 3:12-CV-04035-P |
| | § | |
| DENNIS A. KRUSE and | § | |
| KRUSE HOLDINGS, LLC | § | |
| | § | |
| Defendants | § | |

## ORDER

Now before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendants Dennis A. Kruse and Kruse Holdings, LLC (collectively, "Defendants") on November 19, 2012. (Defs.' Mot. Dismiss, Doc. 5.) Plaintiff filed a Response on December 31, 2012. (Pl.'s Resp., Doc. 9.) Defendants filed a Reply on January 14, 2013. (Defs.' Reply, Doc. 10.) After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Defendants' Motion to Dismiss and GRANTS Plaintiff leave to amend those claims dismissed without prejudice.

## I.     Background

This case centers on Plaintiff's claim that Defendants, acting through an agent, fraudulently induced her to invest in the sale of life insurance policies in China, which would then be sold as bonds on the international market (the "Investment"). (Compl. ¶¶ 6–7, Doc. 1.) Around November, 2009, a "friend" of Plaintiff's, Scott Snelgrove ("Snelgrove"), approached her about investing under him in the Investment. (Compl. ¶¶ 7–8, 10b.) Allegedly, based upon Snelgrove's representations and Snelgrove's friendship with Plaintiff, Plaintiff wired an investment of $100,000 into Snelgrove's personal checking account. (Compl. ¶ 8.) Plaintiff

never received any documentation concerning the Investment, despite several unsuccessful requests for documentation from Plaintiff. (Compl. ¶¶ 9.)

Plaintiff filed suit on October 9, 2012, alleging nine causes of action arising from her investment in reliance on Snelgrove's misrepresentations. (*See* Compl ¶¶ 6–8.) Defendants now move to dismiss. (Defs.' Mot. Dismiss 1–2.)

## II.    Legal Standard

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when a defendant shows that the plaintiff failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 668 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 677–679 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, [courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986); *Twombly*, 550 U.S. at 570 (where plaintiff has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

Where, as here, state law actions are pleaded supplementary to federal claims, federal courts apply state substantive law and federal procedural law. *See Foradori v. Harris*, 523 F.3d

477, 486 (5th Cir. 2008).  If no state court decisions control, a federal court must make an "*Erie*

guess" as to how the high state court would apply the substantive law.  *Beavers v. Metro. Life*

*Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst &*

*Young LLP*, 542 F.3d 475, 483 (5th Cir. 2008)).

### III.    Analysis

Pursuant to Rule 12(b)(6), Defendants move to dismiss Plaintiff's claims for: (1)

securities fraud; (2) Section 12(2) and Section 15 of the Securities Act of 1933; (3) negligent and

grossly negligent misrepresentation and common law fraud; (4) intentional misrepresentation and

common law fraud; (5) negligence; (6) detrimental reliance; (7) breach of contract; (8)

declaratory judgment; and (9) constructive trust.  (Defs.' Mot. Dismiss 3–10.)

#### a.   Securities Fraud

First, Defendants move to dismiss Plaintiff's securities fraud claims.  (Defs.' Mot.

Dismiss 3–5.)  In particular, Plaintiff alleges violations of Section 10(b) of the Securities and

Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, Section 17(a) of the Securities

Act of 1933, and Section 33A(2) of the Texas Securities Act.  (Compl. ¶¶ 16, 19; *see also* Defs.

Mot. Dismiss 3.)  Because Plaintiff asserts claims of fraud, the Complaint must satisfy the

heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which state that a

plaintiff must specify which statements are fraudulent, identify the speaker, point to when and

where the speaker made the statements, and explain why the statements are fraudulent.  *See*

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) ("This

Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements

contended to be fraudulent, identify the speaker, state when and where the statements were

made, and explain why the statements were fraudulent." (internal quotation marks omitted)).

In order to successfully plead a claim under Section 10(b) and Rule 10b-5 promulgated thereunder, Plaintiff must allege that: (1) Defendants made a material misrepresentation or omission; (2) it was made with scienter; (3) there is a connection between the misrepresentation or omission and the purchase or sale of a security; (4) Plaintiff relied upon the misrepresentation or omission; (5) Plaintiff suffered economic loss; and (6) Plaintiff's reliance on the misrepresentation or omission caused her economic loss. *See Affco Investments 2001, LLC v. Proskauer Rose, LLP*, 625 F.3d 185, 192 (citing *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157 (2008)). Here, Plaintiff fails to satisfy the first element because she only alleges that misrepresentations were made by Snelgrove, who is not a party to this suit. Plaintiff never alleges that Defendant Dennis Kruse or an agent of Defendant Kruse Holdings, LLC made a misrepresentation. (Compl. ¶¶ 7–10.) Instead, she alleges in conclusory fashion that Snelgrove acted in concert with the Defendants. (Compl. ¶ 12.) However, she fails to allege particularized or detailed facts showing a relationship of any kind between Defendants and Snelgrove, let alone an agency relationship. (Compl. ¶ 12.) As such, Plaintiff's conclusory allegations fail to meet the heightened pleading requirements of Rule 9(b).

Additionally, Plaintiff's claim under Section 33A(2) of the Texas Securities Act fails for the same reasons outlined above. *See Flowers v. Dempsey-Tegeler & Co.*, 472 S.W.2d 112, 114 (Tex. 1971) ("It seems clear that Section 22 of The Texas Securities Act was lifted almost verbatim from Section 12 of the 1933 Federal Act codified as 15 U.S.C.A. § 77l (1971)"). "[T]o prevail under art. 581–33(A)(2), a plaintiff must show that the defendant seller in offering or selling a security made an untrue statement of material fact or an omission of material fact that was essential to make the statement not misleading." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 235 F.Supp.2d 549, 567 (S.D. Tex. 2002) (citing *Duperier v. Texas State*

*Bank*, 28 S.W.3d 740, 745 (Tex. App.—Corpus Christi, 2000) (no pet.)).   Furthermore, "[s]tate

law claims are subject to the heightened pleading requirements of Rule 9(b)." *See Sullivan v.*

*Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010).

 Finally, since no private right of action exists under Section 17(a), Plaintiff fails to state a

claim.   *See Landry v. All Am. Assurance Co.*, 688 F.2d 381, 384–91 (5th Cir. 1982) ("[T]he

statutory language [of §17(a)] does not suggest a private cause of action"); *Stephenson v. Paine*

*Webber Jackson & Curtis, Inc.*, 839 F.2d 1095, 1100 (5th Cir. 1988); *McBirney v. Autrey*, 106

F.R.D. 240, 246 n.3 (N.D. Tex. 1985); *Earle v. Aramark Corp.*, No. Civ.A. 3:03–CV–2960–K,

2005 WL 473675, *3 (N.D. Tex. 2005) ("The Fifth Circuit does not recognize a private right of

action under Section 17(a) of the Securities Act of 1933").

 In sum, Plaintiff makes conclusory allegations against Defendants but fails to support her

allegations with facts, specifically how the non-party who made the misrepresentations,

Snelgrove, is in any way connected to the Defendants.   Therefore, Plaintiff fails to meet Rule

9(b)'s heightened pleading requirements to demonstrate that any defendant made a material

misrepresentation.   The Court grants Plaintiff leave to amend her securities fraud claims to

comport with the heightened pleading requirements of Rule 9.

### b.   Section 12(2) and Section 15

 Second, Defendants move to dismiss Plaintiff's claims under Section 12(a)(2) and

Section 15 of the Securities Act of 1933.   (Defs.' Mot. Dismiss. 5–6.)   In particular, Plaintiff

alleges that "[t]he actions of Defendants as set forth in the foregoing paragraphs constitute a

violation of §§12(2) and 15 of the Securities Act of 1933, 15 U.S.C.A. §77 l & 77 o."

 In a successful Section 12(a)(2) action, a plaintiff must have purchased a security in an

initial public offering.   *See Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Gustafson*

*v. Alloyd Co.*, 513 U.S. 561, 584 (1995) (Congress meant for Section 12(a)(2) to apply only to public offerings). Here, Plaintiff never alleges that the sale or the Investment were "public" within any meaning of the word. She alleges that her friend Snelgrove approached her alone about a business opportunity and that she wrote a check to him personally for the Investment. (Compl. ¶¶ 7–8.) The Complaint fails to allege that the Investment was pursuant to an initial public offering or otherwise falls within the purview of Section 12(a)(2)'s requirements. In fact, Plaintiff fails to plead any plausible facts indicating that the investment opportunity was made available to anyone else at all. *See SEC v. Ralston Purina Co.*, 346 U.S. 119, 124 (1953) (In a public offering, "the means used to select the particular individuals to whom the offering is to be made bear no sensible relation to the purposes for which the selection is made"). The facts alleged in the Complaint suggest this was far from a public offering. Plaintiff alleges that Snelgrove approached her personally and privately about the Investment; Plaintiff would be investing "under Snelgrove;" Plaintiff wired the money "into Snelgrove's general checking account with Chase Bank," as "a result of Plaintiff's friendship with Snelgrove;" Plaintiff never received any documentation for the Investment. (Compl. ¶¶ 7–9.)

Furthermore, a seller is someone who either passes the title directly to the buyer or solicits the purchase in order to further his own financial interests or those of the security owner. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 870–71 (5th Cir. 2003) (The Court is careful to exclude "collateral participants"). Plaintiff has failed to allege facts that suggest that Defendants, Dennis A. Kruse or Kruse Holdings, L.L.C., ever contacted her, encouraged or asked Snelgrove to contact her, or even knew of the transaction between the Plaintiff and Snelgrove. For these reasons, Plaintiff fails to successfully plead a Section 12(a)(2) claim.

Since Plaintiff fails to allege a claim for Section 12(a)(2), her derivative liability claim under Section 15 also fails. Section 15 allows a "controlling person" to be held liable for a violation of Section 12. To qualify as a "controlling person" for liability purposes under Section 15, the Defendants must control a person who is liable under Section 12 of the Securities Act of 1933. *See* 15 U.S.C.A. §77o; *G.A. Thompson & Co., Inc. v. Partridge*, 636 F.2d 945, 957–58 (5th Cir. 1981) (citing *Pharo v. Smith*, 621 F.2d 656, 670 (5th Cir. 1980) (quoting 17 C.F.R. § 230.405(f) (1979))) (Expressing the standard for a controlling person, the Court stated that "[t]he term "control" . . . means the possession . . . of the power to direct or cause the direction of the management and policies of a person . . ." Furthermore, the plaintiff bears the burden of establishing "requisite control" by the Defendants.); *Billitteri v. Securities America, Inc.*, Nos. 3:09–CV–01568–F, 3:10–CV–01833–F., 2011 WL 3586217 at *7 (N.D. Tex. Aug. 4, 2011) (Plaintiff must demonstrate Defendant had power or control over the agent). Plaintiff fails to plead any plausible facts indicating that the transaction between herself and Snelgrove results in either Defendant's Section 12 liability. Therefore, the Defendants also cannot be controlling persons under Section 15.

In sum, Plaintiff fails to allege that the transaction was one involving a public offering or that the non-party was acting on behalf of the Defendants. Therefore her claims under Section 12(a)(2) and Section 15 fail. The Court grants Plaintiff leave to amend these claims as well.

### c. Negligent or Intentional Misrepresentation and Common Law Fraud

Third, Defendants move to dismiss Plaintiff's claims for negligent, grossly negligent, and intentional misrepresentation and common law fraud. (Defs.' Mot. Dismiss 6–7.) In particular, Plaintiff alleges that as a direct result of the fraudulent misrepresentations that the Defendants allegedly made to her either negligently or intentionally, Plaintiff purchased "securities" from the

non-party seller and suffered economic injury.  (Compl. ¶¶ 24–28.)  In order to prove fraud, Plaintiff must demonstrate that:

> (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Aquaplex, Inc. v. Rancho la Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam).

Even liberally construed, Plaintiff's pleadings fail to state a fraud claim.  Plaintiff's claim is merely a formulaic recitation that Defendants supplied her false information upon which they intended for her to rely.  Plaintiff fails to identify when she or Snelgrove ever communicated with Defendants.  (Compl. ¶¶ 24–28.)  The pleadings recite the substantive elements for fraud in a conclusory fashion without providing any plausible factual support for her allegations, especially in light of Rule 9's heightened pleading standard.  (Compl. ¶¶ 24–28.)  *See ABC Arbitrage Pls. Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).  Plaintiff failed to specify the *who* in this case, because she never alleges any facts that would connect the Defendants to Snelgrove or herself.  The Court grants Plaintiff leave to amend this claim.

### d.  Negligence

Fourth, Defendants move to dismiss Plaintiff's negligence claim.  (Defs.' Mot. Dismiss 8.)  Plaintiff alleges that Defendants negligently failed to discharge their duty of ordinary care.  (Compl. ¶ 29.)  In Texas, the elements of negligence include (1) a duty, (2) a breach of that duty, (3) damages, and (4) proximate cause.  *Armstrong v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:08–CV–1458–O, 2010 WL 2540751, at *20 (N.D. Tex. June 21, 2010) (citing *Kroger*

*Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)).  Liability for negligence cannot exist if there is no duty running from the Defendant to the Plaintiff.  *Id.*

Viewing the pleadings in the light most favorable to the Plaintiff, the allegations do not outline any plausible facts supporting the existence of such a duty.  Plaintiff makes a conclusory statement that Defendants owed a duty of care and failed to discharge their duty.  (Compl. ¶ 29.) Indeed, Plaintiff fails to identify how the Defendants are connected to either Snelgrove or herself, let alone provide a factual basis that supports imposition of a common law tort duty. (Compl. ¶ 29.)  *See Goodyear Tire and Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) ("Generally, a person has no duty to control the conduct of another"); *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000-01 (5th Cir. 1990) ("Under general negligence rules, a person is under no legal duty to control the conduct of another, nor must one anticipate the negligent conduct of another"); RESTATEMENT (SECOND) OF TORTS § 315 (1965) (There is no duty unless a special relationship exists).

In sum, Plaintiff needs more than a conclusory statement that there was a duty and that duty was violated.  (Compl. ¶ 29.)  The Court grants Plaintiff leave to amend this claim to plead facts, which would support the inference of a duty running from the Defendants to the Plaintiff.

### e.  Detrimental Reliance

Fifth, Defendants move to dismiss Plaintiff's detrimental reliance claim.  (Defs.' Mot. Dismiss 8.)  In particular, Plaintiff alleges that she substantially relied on Defendants' false representations, this reliance was foreseeable, and she suffered as a result of this reliance. (Compl. ¶ 30.)  Again, Plaintiff fails to meet the standard of Rule 8(a).  To successfully plead promissory estoppel or detrimental reliance, Plaintiff must plead plausible facts supporting that there was: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3)

substantial reliance by the promisee to his detriment." *Addicks Services, Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 300 (quoting *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). Instead, Plaintiff makes a conclusory statement by reciting the elements of detrimental reliance without providing any supporting facts.

As with her other claims, Plaintiff fails to plead any facts that would support her claim that the Defendants made any promises or false representations to her. The Court grants Plaintiff leave to amend this claim.

### f. Breach of Contract

Sixth, Defendants move to dismiss Plaintiff's breach of contract claim. (Defs.' Mot. Dismiss 8–9.) In particular, Plaintiff alleges Defendants breached a contract with the Plaintiff causing her damages. (Compl. ¶ 31.)

A breach of contact claim in Texas requires the following elements: "(1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Encompass Office Solutions, Inc. v. Connecticut General Life Ins. Co.*, No. 3:11–CV–02487–L, 2012 WL 3030376, at *8 (N.D. Tex. July 25, 2012) (quoting *Petras v. Criswell,* 248 S.W.3d 471, 477 (Tex. App.—Dallas 2008, no pet.)); *Sharifi v. Steen Automotive, LLC*, 370 S.W.3d 126, 140 (Tex. App.—Dallas 2012, no pet.) (also quoting *Petras*, 248 S.W.3d at 477). Even liberally construed, Plaintiff's Complaint does not plead sufficient facts to show the formation of a contract at all, especially a contract between Plaintiff and Defendants. In conclusory fashion, the Complaint states that a contract existed but includes no factual support. (Compl. ¶ 31.)

As the allegations go no further, the Complaint fails on its face to sufficiently show that a valid contract existed between the Plaintiff and the Defendants.  The Court grants Plaintiff leave to amend this claim.

### g.  Constructive Trust

Seventh, Defendants move to dismiss Plaintiff's constructive trust claim.  (Defs.' Mot. Dismiss 9–10.)  Plaintiff seeks to impose a constructive trust on any profits made by Defendants from the fraud she alleges they committed.  (Compl. ¶ 33–34.)  However, a constructive trust is a remedy, not a separate cause of action.  *See Meadows v. Bierschwale*, 516 S.W.2d 125, 131 (Tex. 1974) (Court describes a constructive trust as "being remedial in character," and having the "very broad function of redressing wrong or unjust enrichment in keeping with basic principles of equity and justice"); *Beverly Foundation v. W.W. Lynch*, 301 S.W.3d 734, 736 (Tex. App.— Amarillo 2009, no pet.) (Court describes constructive trust as "a form of equitable relief," emphasizing that it is, however, "not an independent cause of action [], but rather a remedy" and that there must first be "a cause of action warranting its imposition"); *Sherer v. Sherer*, No. 06– 12–00023–CV, 2013 WL 50249 at *7 (Tex. App.—Texarkana Jan. 4, 2013, no pet. h.) ("A constructive trust is a remedy—not a cause of action. An underlying cause of action. . . is required").

In light of the previously stated case law, the Court construes Plaintiff's constructive trust claim as a remedy request.  Consideration of particular remedies requested is premature at the motion to dismiss stage.

### h.  Declaratory Judgment

Finally, Defendants move to dismiss Plaintiff's declaratory relief action. (Defs.' Mot. Dismiss 9.) Plaintiff seeks declaratory judgment on "the rights, status, and other legal relations between Plaintiff and Defendants." (Compl. ¶ 32.)

The Declaratory Judgment Act ("DJA") provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (West 2012). The DJA does not create a substantive cause of action—it is a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. *See Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 238 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984). To survive a motion to dismiss, "[b]ased on the facts alleged, there must be a substantial and continuing controversy between two adverse parties" at all times during the lawsuit. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

Given that Plaintiff fails to state any causes of action that represent an ongoing controversy between the parties, the Court dismisses Plaintiff's claim for declaratory relief. *See Morlock L.L.C. v. JP Morgan Chase Bank, N.A.*, No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2012) ("For the reasons explained above, the court has concluded that Morlock has alleged no facts that would lead to the conclusion that a present controversy exists between Morlock and JPMC. Therefore, any request that Morlock is making for declaratory judgment must fail.").

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. In light of the Court's finding that dismissal is appropriate as to Plaintiff's claims, the Court also grants Plaintiff leave to amend her complaint to address the deficiencies outlined above. *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In order to address and correct the deficiencies outlined above, Plaintiff may file an amended complaint within 30 days of this Order. Should Plaintiff fail to meet this deadline, the Court will dismiss all claims with prejudice. *See e.g., Harris v. City of Balch Springs*, No. 3:11-CV-2307-L, 2012 WL 4512490, at *19 (N.D. Tex. Sept. 30, 2012); *Johnson v. Deutsche Bank Nat'l Trust Co.*, No. H-10-3360, 2010 WL 4962897, at *1 (S.D. Tex. Dec. 1, 2010).

**IT IS SO ORDERED.**

Signed this 8th day of March, 2013.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE